NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WERNER AERO SERVICES, LLC., *Plaintiff*, v. PROFESSIONAL TECHNOLOGY REPAIRS, *Defendant.* | Civil Action No. 16-8909 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Werner Aero Services, LLC's ("Werner") motion for default judgment against Defendant Professional Technology Repairs ("PTR") pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 6. For the reasons set forth herein, the motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

This matter arises from PTR's alleged failure to pay Werner for airplane parts valued at a total of $168,000, sold to and delivered to PTR in August 2015.

Plaintiff Werner is a New Jersey-based limited liability corporation with its primary place of business in Mahwah, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant Professional Technology Repairs is a corporation based in Miami, Florida. Id. ¶ 2. In August 2015, Werner sold and delivered airplane parts allegedly worth $168,000 to PTR. These sales were governed by Invoice No. 041060 and Invoice No. 041083 dated August 26 and August 31, 2015, respectively. Id. ¶ 15, Ex. A. PTR has allegedly failed to pay the sum, despite the thirty-day time period in which payment was to be made after each purchase. Id. ¶¶ 9, 13.

1

Werner filed a complaint on December 1, 2016 asserting claims for: (1) breach of contract; (2) account stated, and (3) unjust enrichment. Id. ¶¶ 5-24. PTR was served on December 29, 2016. See Aff. for Service of Summons, ECF No. 3. After PTR failed to appear, the Clerk entered default on January 13, 2017. ECF No. 4. Werner filed a motion for Default Judgment on January 19, 2017, requesting $168,000 in damages. ECF No. 6.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, the Court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

**A. Jurisdiction & Service**

The Court has jurisdiction over this dispute due to diversity of citizenship. Plaintiff Werner is a New Jersey corporation with its primary place of business in Mahwah, New Jersey. Compl. ¶ 1. Defendant PTR is a Florida corporation with its primary place of business in Miami, Florida. Id. ¶ 2. Pursuant to 28 U.S.C. § 1332, the District Court has jurisdiction over all counts of this complaint because the amount exceeds $75,000 and there exists diversity of citizenship since Werner and PTR are citizens of different states. Id. ¶ 3. In addition, pursuant to 28 U.S.C. § 1391, venue is proper in this district since a substantial part of events or omissions resulting in the claim occurred in New Jersey. Id. ¶ 4. PTR was properly served on a managing agent of PTR on December 8, 2016. See Aff. for Service of Summons.

**B. Liability**

Werner has pled a breach of contract claim against PTR. Under New Jersey law, to state a claim of breach of contract a plaintiff must allege: (1) a valid contract "containing certain terms," (2) that a plaintiff "did what the contract required [him] to do," (3) the defendant's breach of the contract, and (4) damages resulting from that breach. See Globe Motor Co. v. Igdalev, 139 A.3d 57, 64 (N.J. 2016) (citations omitted). Werner has sufficiently pled all of the elements for this cause of action.

Werner alleges that on August 26, 2015, it sold an airplane thrust reverser to PTR for $100,000. Compl. ¶ 6. Invoice No. 041060 identifies a purchase price of $100,000 and an application of Werner's standard terms and conditions, which includes the agreement to make payment within thirty (30) days of receipt. See Id. Ex. A at 7-9. On August 31, 2015, Plaintiff sold four (4) airplane panels at $17,000 each, for a total price of $68,000, to the Defendant. Id. ¶ 8. Invoice No. 041083 identifies a purchase price of $68,000 and an application of the

3

aforementioned standard terms and conditions. See id. at 10-12. These invoices plainly state the terms of the agreement between Werner and PTR, and constitute a valid contract.

Werner fulfilled its contractual obligation by supplying the thrust reverser identified in Invoice No. 041060 and airplane panels identified in Invoice No. 041083 to PTR and invoicing PTR for the goods. Id. ¶ 10. PTR failed to pay the sums due for the delivered goods, breaching the agreement with Werner, and resulting in damages of $168,000 to Werner. Id. ¶ 15.

Because Werner may recover the entirety of its requested relief under a breach of contract claim, the Court does not reach Werner's remaining account stated[1] and unjust enrichment claims.

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, PTR does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Werner will suffer prejudice absent entry of default judgment as it will have no other means of obtaining relief. Finally, the Court finds that PTR acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Stein Decl. ¶¶ 5-6, ECF No. 10-3; see also Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014

---

[1] "Account stated is a theory to recover the value of goods delivered or services rendered when there is an 'exact and definite balance . . . struck as to which both the creditor and the debtor assent.'" Manley Toys, Ltd. v. Toys R Us, Inc., No. 12-3072, 2013 WL 244737, at *5 (D.N.J. Jan. 22, 2013) (citing 29 WILLISTON ON CONTRACTS § 73:56; see also Restatement (Second) of Contracts § 282 cmt. c). In New Jersey, it is similar in nature to a breach of contract, except that "the amount owed for services rendered can be proved by a statement of account." Transmodal Corp. v. EMH Associates, Inc., No. 09–3057, 2011 WL 124641, at *7 (D.N.J. Jan.14, 2011).

4

WL 4388697, at *2 (D.N.J. Sept. 4, 2014); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff seeks $168,000 in damages for breach of contract as a result of Defendant's failure to pay "the sums due and owing for the delivered goods." Compl. ¶ 15.

Here, Plaintiff has provided sufficient evidence to support its claim for damages in the requested amount. Plaintiff provided line-item invoices from August 26, 2015 for the sale of a thrust reverser at $100,000, and from August 31, 2015 for the sale of the four panels for $68,000.00. Compl. Ex. A. Collectively, the amount invoiced and subsequently owed by the Defendant is $168,000.00. The Court will grant this amount.

In addition, Plaintiff seeks "interest, costs of suit, attorneys' fees and such other relief as the court may deem just and proper." Compl. ¶ 24. While the 1.5% finance fee is clearly set forth in paragraph four of the aforementioned invoice's Terms & Conditions section, Compl. Ex. A at p. 2 of 3, Plaintiff has failed to identify any specific time period when the finance fee accrued. Werner has also failed to provide any basis or amount of costs and attorneys' fees.

Thus, the Court finds that there is an insufficient basis upon which to enter a default judgment regarding interest or attorneys' fees and costs at this time. See Eastern Const. & Elec., Inc. v. Universe Technologies, Inc., No. 10-1238, 2011 WL 53185, at *5 (D.N.J. Jan. 6, 2011) (denying motion for default judgment as to prejudgment interest because plaintiff did not provide any rate calculations). The Court will allow Werner to make a renewed application for attorneys' fees, costs, and interest.

Based upon the foregoing, judgment shall be entered against the Defendant Professional Technology Repairs in the amount of $168,000.00.

IV. CONCLUSION

For the reasons set forth above, Werner's motion for final judgment by default against Professional Technology Repairs is **GRANTED** in part and **DENIED** in part. An appropriate order accompanies this opinion.

**Dated: August 22, 2017**

> */s Madeline Cox Arleo*
> **MADELINE COX ARLEO**
> **United States District Judge**